OPINION OF THE COURT
HARDIMAN, Circuit Judge.
Charles Lobel appeals from a judgment of the District Court dismissing his amended complaint pursuant to the False Claims Act, 81 U.S.C. § 3729, for failure to state a claim. We will affirm.
I.
Because we write for the parties, we recount only the essential facts. Lobel was employed as a pharmacist by Defendant Express Scripts, Inc. (ESI). ESI is an independent pharmacy benefit manager that provided mail order prescriptions to participants in the Department of Defense’s TRICARE health program. Following his termination in May 2005, Lobel sued ESI claiming the company failed to comply with 21 C.F.R. § 1306.05, which requires that all prescriptions for controlled substances be dated, signed, and bear the registration number of the medical practitioner.
After the Government declined to intervene in the case, ESI moved to dismiss Lobel’s amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The District Court granted ESI’s motion and Lobel filed this timely appeal, claiming that his amended complaint adequately pleaded violations of sections 3729(a)(l)-(2) of the False Claims Act under theories of express and implied certification.[1]
II.
As both parties correctly note, to state a claim for false certification of compliance with a regulation, a relator under the False Claims Act must allege that: (1) defendant violated the regulation; (2) defendant certified its compliance with the regulation to a federal payor in spite of its violation of the regulation; and (3) defendant’s certification of compliance was a condition of payment. Rodriguez v. Our Lady of Lourdes Med. Ctr., 552 F.3d 297, 304 (3d Cir.2008). In considering Lobel’s express and implied certification claims in this appeal, we focus on the third factor.
We reject Lobel’s express certification claim out of hand. His amended complaint fails to identify a single claim submitted by ESI in which it represented falsely to the Government that it complied with regulations that affect its eligibility for payment. This is plainly insufficient under Rodriguez. See id. at 303.
Although not as specious as his express certification claim, Lobel’s implied certification argument suffers from obvious defects. First, Lobel challenges the District Court’s judgment by relying upon the incorrect legal standard. At pages 9, 10, and 20 of his brief, Lobel relies on the Supreme Court’s decision in Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). As ESI rightly counters, the Supreme Court overruled Conley in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Moreover, as the Supreme Court made clear last term: “bare assertions,” “legal conclusions,” and “formulaic recitationfs] of the elements of a cause of action” *780 are “not entitled to the assumption of truth.” Ashcroft v. Iqbal, — U.S. —, —-—, 129 S.Ct. 1937, 1950-51, 173 L.Ed.2d 868 (2009). Lobel’s failure even to cite Twombly and Iqbal in either of his two briefs is a telling omission. When Lobel’s amended complaint is analyzed under the more exacting standard established by those cases, it falls well short.
Lobel cites seven paragraphs of his amended complaint to support his argument that he stated a claim upon which relief may be granted. Two of these seven paragraphs — paragraphs 18 and 24— merely quote the False Claims Act and 21 C.F.R. § 1306.05. Four other paragraphs — paragraphs 17, 25, 26, and 27— allege in conclusory fashion that ESI violated the False Claims Act by submitting claims for prescriptions filled in violation of § 1306.05. Under Iqbal, these concluso-ry allegations are not presumed to be true. 129 S.Ct. at 1950. Likewise, paragraph 28, which alleges materiality, is a legal conclusion which the District Court was not obliged to accept as true. Id. at 1949.[2] In addition to these factual deficiencies, after reviewing the record, we agree with ESI that the violation of § 1306.05 Lobel alleges cannot, as a matter of law, give rise to liability under the False Claims Act because compliance with the regulation is not a “condition of payment.” See Rodriguez, 552 F.3d at 304.
III.
For the foregoing reasons, we will affirm the judgment of the District Court.

. The District Court had jurisdiction under 28 U.S.C. § 1331 and 31 U.S.C. § 3732(a). We have jurisdiction under 28 U.S.C. § 1291.

. In his Reply Brief, Lobel argues for the first time that the Fraud Enforcement and Recovery Act of 2009 has changed the standard. It is well established that arguments not raised in an appellant’s opening brief are waived. See, e.g., United States v. Pelullo, 399 F.3d 197, 222 (3d Cir.2005). Even had this argument not been waived, it suffers from the same defect as the argument we rejected on the merits.